UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY C. ROGERS,<br><br>               Plaintiff,<br><br>   v.<br><br>RANDY WEAVER,<br><br>               Defendant. | CASE NO. 2:23-cv-01160-JCC-GJL<br><br>ORDER ON DISCOVERY MOTION |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Currently pending before the Court is Plaintiff Ray C. Rogers' Motion regarding discovery. Dkt. 100. In his Motion, Plaintiff seeks sanctions against Defendant Weaver and his counsel for refusing to meet and confer about discovery, a court order compelling discovery, and the appointment of counsel to aid in discovery.[1] *Id.* In response to the Motion,

---

[1] The Court notes that several of Plaintiff's arguments indicate he prepared the instant Motion before reviewing the Report and Recommendation on Defendant's Motion for Summary Judgment. As this is not the first time Plaintiff has filed a Motion concerning an issue already addressed by the Court, it appears Plaintiff may be unnecessarily rushing to mail his filings so that they are received by the Court before the noting date or objection deadline. Thus, Plaintiff is advised that, as an incarcerated litigant without access to an e-filing system, he receives the benefit of the mailbox rule; this means, it is sufficient for Plaintiff to submit his filings to prison officials on the day they are due. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).

ORDER ON DISCOVERY MOTION - 1


Defense Counsel requests relief from the obligation to meet and confer with Plaintiff about discovery, citing concerns that any discovery conference would quickly become contentious and unlikely to resolve the parties' disputes. Dkt. 102.

To accelerate resolution of the outstanding issues, the Court will resolve the parties' discovery disputes on the briefs. That is, the Court will examine each of Plaintiff's discovery requests and, if relevant, order Defendant to show cause why he should not be required to produce the requested discovery. Accordingly, the instant Motion is **GRANTED** insofar as Plaintiff seeks judicial intervention in discovery, the Defendant is directed to **SHOW CAUSE** why he should not produce certain discovery and **DENIED** on all other grounds.

## I.     LEGAL STANDARD

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. However, if the parties are unable to resolve a discovery dispute, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Materials need not be admissible in evidence to be discoverable; instead, the requirement is one of relevance, meaning the requested information is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). District courts have broad discretion in determining relevance. *Id.*

Determining whether the requested materials are relevant is only the first step of resolving a motion to compel. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the Court should also consider the following when evaluating a disputed discovery request: "[1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The Court next looks to Rule 26(b)(2)(C), which limits the production of otherwise discoverable materials upon a determination that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii). Ultimately, the district court's discretion to permit or deny discovery is substantial. *See Hallett v. Morgan*, 296 F.3d 732, 751 (2002) ("[A district court's] decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.").

Generally, when the Court grants a motion to compel discovery, it will also impose sanctions in the form of "reasonable expenses" assessed against the party and attorney whose conduct necessitated the discovery motion. Fed. R. Civ. P. 37(a)(5)(A). The presumption in favor of monetary sanctions serves as a deterrent by "discouraging unnecessary involvement by the court in discovery." *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978). It follows that sanctions are <u>not required</u> in situations where deterrence is unnecessary or unjust; the award of expenses is prohibited where the movant did not make a good faith attempt to confer, the

ORDER ON DISCOVERY MOTION - 3

nonmovant's nondisclosure was substantially justified, or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

## II. DISCUSSION

The sole claim remaining in this action is Plaintiff's First Amendment retaliation claim alleging that Defendant Weaver placed him in the visitation room at King County Jail ("KCJ") in retaliation for raising informal grievances and attempting to submit a formal grievance about KCJ's mail policies and procedures. *See* Dkts. 98, 114. To succeed on his claim, Plaintiff must prove the following elements: (1) Defendant Weaver is a state actor who acted against Plaintiff, (2) because of (3) his protected conduct; (4) Defendant Weaver's action was adverse in that, viewed objectively, the action would chill an inmate's exercise of their First Amendment rights; and, finally, (5) Defendant Weaver's adverse action did not reasonably advance a legitimate correctional goal. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)).

The Court views Plaintiff's Motion as requesting production of the following materials in relation to that claim: (A) copies of various disciplinary policies at KCJ, (B) copies of KCJ policies about grievance pick-ups and procedures, (C) photographs and measurements of KCJ's visitation room, (D) official statements or testimony provided by Defendant Weaver to any agency or office about the events at issue, (E) any incident report created with respect to the events at issue, (F) Defendant Weaver's disciplinary record, and (G) any video footage of the events at issue. Dkt. 100 at 3–4.

Except for the last two of these requests, Defendant Weaver does not explain why Plaintiff's discovery requests should be denied. Dkt. 102 at 4. Instead, Defendant Weaver broadly argues that, because Plaintiff's Motion ignores some of his prior discovery responses,

ORDER ON DISCOVERY MOTION - 4

1  the Court should treat all requests to compel discovery as improperly filed and decline to

2  consider them. *Id.* In so arguing, Defendant Weaver overlooks that it is his burden to oppose

3  discovery once the relevance requirement is met. *See Bryant v. Ochoa*, No. 07-cv-200-JM-PCL,

4  2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) ("[T]he party opposing discovery has the

5  burden of showing that the discovery should be prohibited, and the burden of clarifying,

6  explaining, or supporting its objections."). Defendant Weaver may satisfy this burden by

7  showing that he has fully responded or properly objected to a disputed discovery request. *Id.*

8  Simply asserting that Plaintiff has ignored some of the Defendant's discovery responses does not

9  carry this burden.

10       Ordinarily, Plaintiff would also be required to demonstrate that he conferred, or made a

11 good faith effort to confer, with the Defendant about discovery before seeking a court order

12 compelling discovery. *See* Fed. R. Civ. P. 37; Local Rules W.D. Wash. LCR 37. In other words,

13 a court order compelling discovery is ordinarily only appropriate upon the movant's showing

14 that the parties reached an impasse on a substantive issue. *See Beasley v. State Farm Mut. Auto.*

15 *Ins. Co.*, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014); *Branch Banking & Tr. Co. v.*

16 *Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial

17 intervention is appropriate only when "informal negotiations have reached an impasse on the

18 substantive issue in dispute"). However, in responding to the instant Motion, Defendant Weaver

19 seeks relief from his obligation to meet and confer with Plaintiff. Dkt. 102. In support, the

20 Defendant submits evidence demonstrating his genuine concern that a discovery conference

21 would be counterproductive and serve only to exacerbate relations between the parties. Dkt. 103.

22 Given Defendant's evidence (and Plaintiff's reported efforts in attempting to meet and confer),

23

24

ORDER ON DISCOVERY MOTION - 5

1  the Court finds it unnecessary to require a discovery conference before addressing the instant
2  Motion.
3  Accordingly, the Court will examine each of Plaintiff's discovery requests and, if a
4  request is found relevant, the Court will further consider the propriety of requiring discovery in
5  accord with Rules 26(b)(1) and 26(b)(2)(C) of the Federal Rules of Civil Procedure. If a request
6  is relevant and production appears proper, the Court will direct Defendant Weaver to show cause
7  why he should not be required to produce discovery in response to a specific request.

**A.   KCJ Disciplinary Policies**

Plaintiff first requests copies of any disciplinary policies at KCJ concerning the following: "detainees['] legal rights," "staff documenting disciplinary incidents," "use of visitor booth," and "detainees being removed from a unit for disciplinary reasons." Dkt. 100 at 3–4. These requests are relevant to the central dispute over whether Plaintiff was punished in retaliation for engaging in protected conduct as opposed to some other legitimate disciplinary reason. Plaintiff maintains that Defendant Weaver acted with improper purpose and seeks to prove his theory by demonstrating that Defendant Weaver did not actually comply with KCJ's disciplinary policies. *See* Dkt. 88 at 10; Dkt. 92 at 7. Though failure to follow a disciplinary policy is not dispositive of a constitutional violation, it is at least relevant to the Defendant's knowledge and motive. Thus, the relevance requirement is satisfied for this request.

As for the propriety of requiring discovery of these policies, the Court notes that Defendant has submitted copies of various KCJ policies at different times in this case. *See e.g.*, Dkt. 79-7. Thus, Defendant Weaver's ready access to KCJ policies and the apparent ease in producing such policies support production on this request. *See* Fed. R. Civ. P. 26(b)(1). As such, Defendant Weaver is directed to **SHOW CAUSE** with respect to this discovery request.

**B.     KCJ Grievance Pick-up Policy**

Plaintiff also requests copies of any KCJ policy regarding the process for picking up inmate grievances and the "process and procedure regarding the length of time for staff to respond [to inmate grievances]." Dkt. 100 at 3.

Starting with the KCJ policies regarding grievance pick-ups, these materials are relevant to Plaintiff's claim. Plaintiff maintains that he was punished after appropriately attempting to submit a formal grievance to Defendant Weaver. Dkts. 88, 92. On the other hand, Defendant Weaver states that he was not required to accept Plaintiff's formal grievance because he was not the sergeant assigned to Plaintiff's unit. Dkt. 79 at 9. Thus, the existence of a policy supporting or rebutting either side is relevant to the underlying dispute. In addition, Defendant Weaver's access to and his ability to easily produce copies of KCJ policies support production on this aspect of Plaintiff's discovery request.[2] *See* Fed. R. Civ. P. 26(b)(1). As such, Defendant Weaver is directed to **SHOW CAUSE** with respect to this discovery request.

By contrast, Plaintiff's request for KCJ policies governing responses to grievances does not satisfy the relevance test. Plaintiff fails to show how policies about responding to formal grievances would have any bearing on whether he was retaliated against for raising informal complaints and unsuccessfully attempting to submit a formal grievance. As this aspect of Plaintiff's request is not relevant to his claim, the Court will not order production or require the Defendant to show cause on this aspect of Plaintiff's request.

---

[2] The Court notes that, in a recent filing, Plaintiff quoted from what appeared to be a KCJ Policy regarding grievance pick-ups. Dkt. 107. As indicated above, the Defendant may demonstrate an order compelling discovery is not required by showing he has fully complied with this discovery request.

### C. Photographs and Measurements of KCJ's Visitation Room

Plaintiff next requests photographs and measurements of KCJ's visitation room. Dkt. 100 at 4. The alleged discomfort of being confined in the visitation room is directly relevant to the adverse action element of Plaintiff's claim. Plaintiff must be able to demonstrate that, from an objective point of view, being placed in the visitation room would have deterred an inmate from engaging in protected activity. Thus, the relevance requirement for this request is easily met.

As for the propriety of requiring production of these materials, it appears Defendant Weaver remains an employee at KCJ and can access the visitation room with relative ease, which support production on this request. *See* Fed. R. Civ. P. 26(b)(1). Thus, Defendant Weaver is directed to **SHOW CAUSE** with respect to this discovery request.

### D. Defendant Weaver's Prior Statements or Testimony

Next, Plaintiff makes a routine discovery request for any prior statements or testimony that Defendant Weaver has given about the events underlying this case. Dkt. 100 at 4. The relevance of this request is readily apparent as is Defendant Weaver's superior access to these materials. *See* Fed. R. Civ. P. 26(b)(1). It is therefore appropriate to require the Defendant to **SHOW CAUSE** with respect to this request.

### E. Incident Reports

Plaintiff requests production of any incident reports created in connection with circumstances underlying this suit. Dkt. 100 at 3. Whether an incident report was created in connection with Plaintiff's punishment is highly relevant to his theory that he was punished for engaging in protected conduct rather than for engaging in the sort of unacceptable conduct that one would expect to be captured in an incident report. Given the relevance of this request and the ease with which Defendant Weaver would be able to produce any incident reports created by him

ORDER ON DISCOVERY MOTION - 8

or his colleagues, the Court finds it appropriate to require the Defendant to **SHOW CAUSE** with respect to this request. *See* Fed. R. Civ. P. 26(b)(1).

**F.    Defendant Weaver's Disciplinary Records and Video Footage**

Finally, Plaintiff requests copies of Defendant Weaver's disciplinary records and any video footage capturing the events at issue. Dkt. 100 at 3–4. Even assuming these requests satisfied relevance, Defendant Weaver has successfully demonstrated that a court order compelling production of these materials would be inappropriate. Defendant Weaver previously objected to Plaintiff's prior requests for production of these materials and, notwithstanding his objections, the Defendant informed Plaintiff that he has no disciplinary record and that no video footage exists. Dkt. 102 at 4 (referencing Dkt. 96-1 at 9 (Defendant Weaver's Response to Plaintiff First Set of Requests for Production)). Because there are no disciplinary record or video footage to produce, the Court will not compel discovery or direct Defendant to show cause on these requests.

**G.    Overview of Required Discovery Responses**

For the reasons explained above, Defendant Weaver is directed to **SHOW CAUSE** why he should not be required to produce discovery in response to the following requests:

(1)    Any KCJ disciplinary policies regarding (a) the rights of pretrial detainees, (b) the procedures for documenting disciplinary actions, and (c) removing detainees from their units and placing them in the visitation room as punishment;

(2)    Any KCJ policies governing procedures for inmate grievance pick-ups;

(3)    Photographs and dimensions of the visitation room at KCJ;

(4)    Any incident reports or logs concerning Plaintiff's conduct and/or the punishment imposed on July 26, 2023; and

ORDER ON DISCOVERY MOTION - 9

  (5) Any official statements or testimony provided by Defendant Weaver to any agency of office concerning the events occurring on July 26, 2023.

Accordingly, Plaintiff's request for judicial intervention in discovery is **GRANTED** as to the above-listed discovery requests and **DENIED** on all other discovery requests.

**H. Sanctions and Other Requested Relief**

In addition to a court order compelling discovery, Plaintiff requests that sanctions be imposed against Defendant Weaver for refusing to meet and confer. Dkt. 100 at 1, 5. As addressed above, Defendant Weaver submitted competent evidence demonstrating his genuine concern about the futility of participating in a discovery conference with the Plaintiff. Thus, Defendant Weaver's refusal to meet and confer is not grounds for sanctions. In addition, the Court declined to compel discovery on several of Plaintiff's request and has yet to determine whether such an order is required on his other requests. Therefore, Plaintiff's request for sanctions is **DENIED**.

Finally, Plaintiff requests that the Court appoint him voluntary counsel to aid in resolving his discovery disputes with the Defendant. Dkt. 100 at 5. As Plaintiff has successfully demonstrated the need for a judicial intervention in discovery without counsel, this request is also **DENIED**.[3]

### III. CONCLUSION

Based on the foregoing discussion, the instant Motion (Dkt. 100) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendant Weaver is **ORDERED** to **SHOW**

---

[3] By denying this limited request for counsel to aid in discovery, the Court does not resolve Plaintiff's pending Motion for Appointment of Counsel (Dkt. 107), which will be addressed in a separate order.

ORDER ON DISCOVERY MOTION - 10

**CAUSE** by **October 28, 2024**, why he should not be required to produce the following discovery:

(1) Any KCJ disciplinary policies regarding (a) the rights of pretrial detainees, (b) the procedures for documenting disciplinary actions, and (c) removing detainees from their units and placing them in the visitation room as punishment;

(2) Any KCJ policies governing procedures for inmate grievance pick-ups;

(3) Photographs and dimensions of the visitation room at KCJ;

(4) Any incident reports or logs concerning Plaintiff's conduct and/or the punishment imposed on July 26, 2023; and

(5) Any official statements or testimony provided by Defendant Weaver to any agency of office concerning the events occurring on July 26, 2023.

Defendant Weaver may comply with this Show Cause Order by demonstrating the above materials have been provided to Plaintiff by the stated deadline. Plaintiff's other requests for relief are **DENIED**.

Dated this 25th day of September, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER ON DISCOVERY MOTION - 11