UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY C. ROGERS,<br><br>               Plaintiff,<br>    v.<br><br>RANDY WEAVER,<br><br>               Defendant. | CASE NO. 2:23-cv-01160-JCC-GJL<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: **October 10, 2024** |

      The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Currently pending before the Court is Plaintiff Ray C. Rogers' Motion for Relief filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. 99. In his Motion, Plaintiff seeks relief from "any and all Orders" dismissing his procedural due process claim raised under the Fourteenth Amendment to the United States Constitution. *Id.* at 1.

      Because Plaintiff does not demonstrate he is entitled to relief under Rule 60(b), the undersigned recommends the instant Motion be **DENIED with prejudice**.

//

//

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff initiated this action on July 31, 2023. Dkt. 1. After the Court screened and directed service of the Complaint, all Defendants filed a Motion to Dismiss this action in its entirety. Dkt. 20. The undersigned issued a Report and Recommendation on the Defendants' Motion and, after reviewing the recommendation and the parties' objections, the District Court dismissed all but one of Plaintiff's claims for failure to state a claim. Dkts. 27, 48. Included in those nonviable claims was Plaintiff' Fourteenth Amendment due process claim, which was dismissed without prejudice and with the opportunity to cure through amendment. Dkts. 27, 48. Thus, if Plaintiff intended to proceed with his Fourteenth Amendment due process claim, he was required to file an amended complaint curing his pleading deficiencies by February 19, 2024. *Id.*

Over a month after the expiration of this deadline, Plaintiff filed neither an amended complaint nor a motion seeking an extension of time to do so. As such, the District Court dismissed his Fourteenth Amendment claim with prejudice for failure to state a claim and for failure to properly prosecute on March 22, 2024. Dkt. 56.

Nearly four and a half months later, Plaintiff filed the instant Rule 60(b) Motion seeking relief from the Court's Order dismissing his Fourteenth Amendment claim with prejudice. Dkt. 99.

## II. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a "final judgment, order, or proceeding" under specific circumstances. Plaintiff's Motion implicates Rule 60(b)(1), (3), and (6), which respectively address relief based on "excusable neglect," "misconduct by an opposing party," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6).

The concept of "excusable neglect" listed under Rule 60(b)(1) encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *See Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (applying general standard for excusable neglect to motion seeking relief from procedural bar on untimely appeal). To grant relief for untimeliness caused by excusable neglect, courts must consider: (1) the potential for prejudice to the nonmoving party, (2) the length of the filing delay and its potential impact on the proceedings, (3) the reasonableness of the offered justification for the filing delay, and (4) whether the noncompliant party acted in good faith. *Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

Next, obtaining relief under Rule 60(b)(3) requires the moving party to prove by clear and convincing evidence that the challenged order or judgment "was obtained through fraud, misrepresentation, or other misconduct," and that this conduct prevented the movant from fully and fairly presenting their case. *Casey v. Albertson's Inc.,* 362 F.3d 1254, 1260–61 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)).

Finally, the catch-all provision in Rule 60(b)(6) is reserved for "extraordinary circumstances" that are not already covered by the other provisions of Rule 60(b). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988); *Lal v. California,* 610 F.3d 518, 523–25 (9th Cir. 2010) (holding an attorney's gross negligence that was not chargeable to his clients justified grant of Rule 60(b)(6) relief from final judgment entered for failure to prosecute). The Ninth Circuit has repeatedly emphasized that Rule 60(b)'s catchall provision must be used sparingly and may not be applied where "the party seeking reconsideration has

REPORT AND RECOMMENDATION - 3

ignored normal legal recourses." *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993); *Lal*, 610 F.3d at 524.

### III. DISCUSSION

Plaintiff's primary contention is that Rule 60(b) relief is warranted due to alleged misconduct by Defendant Weaver, claiming the Defendant took a position at summary judgment that demonstrates his liability for Plaintiff's long-dismissed Fourteenth Amendment claim. *See* Dkt. 99 at 1–4 (describing this "scheme" as "mischievous and in opposition to the interest of justice"). Plaintiff's request for Rule 60(b) relief fails for several reasons.

First, even if true, Plaintiff's contentions about Defendant Weaver's misconduct are insufficient to warrant relief under Rule 60(b)(3). To succeed under this provision, Plaintiff must demonstrate that the Order dismissing his Fourteenth Amendment due process claim was *obtained through* the alleged misconduct. *Casey*, 362 F.3d at 1260–61. He has not done so. Rather, Plaintiff's allegations concern misconduct allegedly occurring *months after* the Court dismissed his claim. As such, Plaintiff cannot reasonably argue that his claim was dismissed because of subsequently occurring misconduct. Critically, the record in this case demonstrates that Plaintiff's claim was dismissed, not because of any misconduct by an opposing party, but because of *his own failure* to file an amended complaint by the stated deadline. *See* Dkts. 48, 56.

Next, because Plaintiff seeks relief from an Order premised on his own failure to meet a filing deadline, the applicable provision is Rule 60(b)(1), not (b)(3). *See Washington*, 833 F.3d at 1098 ("Rule 60(b)(1) applies when a party's failure to file on time is within 'his or her control.'") (quoting *Pioneer*, 507 U.S. at 395). For Plaintiff to relief obtain under that provision, he must show his failure to file an amended complaint by the court-imposed deadline was a result of excusable negligence. *Id.* However, Plaintiff offers no justification or explanation for his failure

to file an amended complaint curing his pleading deficiencies before (or after) the deadline elapsed. As such, he fails to meet the criteria for relief under Rule 60(b)(1),

Finally, Plaintiff cannot seek relief under Rule 60(b)(6) because the reasons he raises for relief are adequately addressed by Rule 60(b)(1). *See Liljeberg*, 486 U.S. at 863–64. Moreover, the catch-all provision can only be invoked in extraordinary circumstances, which are not present in this case. *Id.*

## IV. CONCLUSION

For the stated reasons, the undersigned recommends Plaintiff's Motion for Relief under Rule 60(b) (Dkt. 99) be **DENIED with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 10, 2024,** as noted in the caption.

Dated this 25th day of September, 2024.

Grady J. Leupold
United States Magistrate Judge