UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY C. ROGERS,<br><br>             Plaintiff,<br>   v.<br><br>RANDY WEAVER,<br><br>             Defendant. | CASE NO. 2:23-cv-01160-JCC-GJL<br><br>ORDER DIRECTING ADDITIONAL FILINGS REGARDING MOTION TO APPOINT COUNSEL |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Currently pending before the Court is Plaintiff Ray C. Rogers' Motion for Appointment of Counsel. Dkt. 107. As explained below, Plaintiff is **DIRECTED** to file a declaration in accordance with the Court's Plan for Representation of *Pro Se* Litigants in Civil Rights Actions, General Order 07-23, not later than **October 28, 2024**; Plaintiff **MAY** also file a supplemental brief in support of his Motion at that time. Defendant Weaver **MUST RESPOND** to the instant Motion not later than **November 4, 2024**, and Plaintiff **MAY** file a reply in support of his Motion not later than **November 12, 2024**.

//

## I. DISCUSSION

There is no constitutional right to court-appointed counsel in § 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory."). And district courts lack authority to *require* counsel to represent indigent prisoners in such cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Nonetheless, a district court may *request* that an attorney voluntarily represent an indigent plaintiff but only in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

This Court's plan and procedures for requesting *pro bono* representation in prisoner civil rights actions is outlined in General Order 07-23 (effective Jan. 1, 2024). Under the Court's plan, *pro se* plaintiffs must submit the following when seeking appointment of voluntary counsel in civil rights actions:

> **[Section 3] (b) Motion and Declaration of *Pro Se* Litigant**. Any motion for the appointment of counsel by a party appearing *pro se* in a civil rights action shall include a declaration stating the party's efforts to obtain counsel by means other than appointment, including having connected with at least two other attorneys without securing representation, and identifying any prior pro bono appointments of counsel to represent the party in cases brought in this Court, including both pending and previously terminated actions. The declaration should further state whether the *pro se* litigant has already pursued another action, such as a wage claim or agency claim, before proceeding with their federal action. A completed copy of a declaration stating the movant cannot afford to hire an attorney shall be attached to the motion.

*Id.* at 5. As the current record lacks the required declaration, the Court is unable to appoint voluntary counsel even if it were to determine such an appointment was warranted at this time.

//

## II. CONCLUSION

Accordingly, Plaintiff is hereby **DIRECTED** to submit a declaration in accordance with Section 3(b) of General Order 07-23 not later than **October 28, 2024**. As Plaintiff filed his Motion for Appointment of Counsel before the District Court denied Defendant's Motion for Summary Judgment, he **MAY** also file a supplemental brief in support of his Motion at that time. Defendant Weaver is **DIRECTED** to file a response to the instant Motion not later than **November 4, 2024**. Plaintiff **MAY** file a reply in support not later than **November 12, 2024**.

The Clerk of Court is **DIRECTED** to renote Plaintiff's Motion for Appointment of Counsel (Dkt. 107) for consideration on **November 12, 2024**. The Clerk is further **DIRECTED** to send Plaintiff a copy of General Order 07-23 along with a copy of this Order.

Dated this 26th day of September, 2024.

Grady J. Leupold
United States Magistrate Judge