UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY C. ROGERS,<br><br>      Plaintiff,<br><br>  v.<br><br>RANDY WEAVER,<br><br>      Defendant. | CASE NO. 2:23-cv-01160-JCC-GJL<br><br>ORDER EXTENDING DEADLINES |

  The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Currently pending before the Court is Plaintiff Ray C. Rogers' Motion for Appointment of Counsel. Dkt. 107. Upon Defendant Randy Weaver's request and for the reasons below, the Court extends the deadline for Plaintiff to file a declaration complying with Court's Plan for Representation of *Pro Se* Litigants in Civil Rights Actions, General Order 07-23 until **December 2, 2024**. Failure to file a declaration that complies with General Order 07-23 by the stated deadline may result in summary denial of Plaintiff's Motion.

### I.  DISCUSSION

  This Court's plan and procedures for requesting *pro bono* representation in prisoner civil rights actions are outlined in General Order 07-23 (effective Jan. 1, 2024). Under the Court's

ORDER EXTENDING DEADLINES - 1

plan, *pro se* plaintiffs must submit the following motion and declaration when seeking appointment of voluntary counsel in civil rights actions:

> **[Section 3] (b) Motion and Declaration of *Pro Se* Litigant**. Any motion for the appointment of counsel by a party appearing *pro se* in a civil rights action shall include a declaration stating the party's efforts to obtain counsel by means other than appointment, including having connected with at least two other attorneys without securing representation, and identifying any prior pro bono appointments of counsel to represent the party in cases brought in this Court, including both pending and previously terminated actions. The declaration should further state whether the *pro se* litigant has already pursued another action, such as a wage claim or agency claim, before proceeding with their federal action. A completed copy of a declaration stating the movant cannot afford to hire an attorney shall be attached to the motion.

*Id.* at 5. Plaintiff did not initially file a declaration in support of his Motion for Appointment of Counsel. Dkt. 107. On September 26, 2024, the Court advised Plaintiff of the requirements outlined in General Order 07-23 and provided him 30 days to prepare and file a declaration in support of his Motion. Dkt. 117. Plaintiff filed a declaration on October 16, 2024. Dkt. 118.

Defendant Weaver filed a timely response to the Motion for Appointment of Counsel, focusing primarily on the declaration Plaintiff submitted in support of that Motion. Dkt. 112. Defendant Weaver argues that Plaintiff's declaration does not satisfy all the requirements outlined in Section 3(b) of General Order 07-23. *Id.* Specifically, (1) Plaintiff does not address whether he has received any prior *pro bono* appointments of counsel, (2) he does not address whether he pursued other actions or remedies on his First Amendment retaliation claim prior to filing this action, (3) he does not identify his financial resources or otherwise demonstrate that he is unable to afford an attorney, and (4) Plaintiff does not describe his prior unsuccessful efforts to obtain counsel *regarding the claims in this action*. *Id.* at 2. In lieu of denying Plaintiff's request for counsel, Defendant requests that Plaintiff be provided additional time to file a declaration fully complying with Section 3(b) of General Order 07-23.

ORDER EXTENDING DEADLINES - 2

The Court agrees with Defendant's arguments and his request to provide Plaintiff additional time to file a compliant declaration.

## II. CONCLUSION

Accordingly, Plaintiff is hereby **DIRECTED** to submit a declaration in accordance with Section 3(b) of General Order 07-23 not later than **December 2, 2024**. If Plaintiff again fails to file a compliant declaration by the stated deadline, the Court may summarily deny his Motion for Appointment of Counsel without prejudice.

Defendant Weaver is **DIRECTED** to file a supplemental response to the Motion for Appointment of Counsel not later than **December 17, 2024**. Plaintiff **MAY** file a reply in support not later than **January 2, 2025**. The Clerk of Court is **DIRECTED** to renote Plaintiff's Motion for Appointment of Counsel (Dkt. 107) for consideration on **January 2, 2025**.

Dated this 1st day of November, 2024.

Grady J. Leupold
United States Magistrate Judge