UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY C. ROGERS,<br><br>              Plaintiff,<br><br>     v.<br><br>RANDY WEAVER,<br><br>              Defendant. | CASE NO. 2:23-cv-01160-JCC-GJL<br><br>ORDER REFFERRING CASE TO *PRO BONO* PANEL |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Currently pending before the Court is Plaintiff Ray C. Rogers's Motion for Appointment of Counsel. Dkt. 107. While Plaintiff's Motion was pending, the District Court denied Defendant Randy Weaver's Motion for Summary Judgment. Dkt. 114 (Order Adopting Report and Recommendation). The Court then directed both parties to provide additional information and briefing regarding the propriety of appointing voluntary counsel ahead of trial. *See* Dkts. 118, 129 (Plaintiff's Declarations); Dkts. 122, 131 (Defendant's Responses). In his Responses, Defendant Weaver takes no position on Plaintiff's request for court-appointed counsel and, instead, "defers to the Court." Dkt. 131 at 3; *see also* Dkt. 122.

Upon review of the relevant record, Plaintiff's Motion is **GRANTED** contingent on the Court being able to locate an attorney willing to represent him *pro bono* in this case. This matter is hereby **REFERRED to the *Pro Bono* Panel** to identify an attorney who is available and willing to accept a voluntary appointment in this action. **If voluntary *pro bono* counsel cannot be located within a reasonable time, Plaintiff will be required to proceed to trial *pro se*.**

## I.   DISCUSSION

There is no constitutional right to court-appointed counsel in § 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory."). And district courts lack authority to *require* counsel to represent indigent prisoners in such cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Nonetheless, a district court may *request* that an attorney voluntarily represent an indigent plaintiff but only in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). On the second factor, a plaintiff must plead sufficient facts to show he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

ORDER REFFERRING CASE TO PRO BONO PANEL - 2

Neither factor is dispositive, "rather they must be considered cumulatively." *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).

Upon a judicial determination that exceptional circumstances warranting the appointment of counsel exist, this Court's plan and procedures for requesting *pro bono* representation in prisoner civil rights actions is outlined in General Order 07-23 (effective Jan. 1, 2024). Under the Court's plan, *pro se* plaintiffs must submit the following when seeking appointment of voluntary counsel in civil rights actions:

> **[Section 3] (b) Motion and Declaration of *Pro Se* Litigant**. Any motion for the appointment of counsel by a party appearing *pro se* in a civil rights action shall include a declaration stating the party's efforts to obtain counsel by means other than appointment, including having connected with at least two other attorneys without securing representation, and identifying any prior *pro bono* appointments of counsel to represent the party in cases brought in this Court, including both pending and previously terminated actions. The declaration should further state whether the *pro se* litigant has already pursued another action, such as a wage claim or agency claim, before proceeding with their federal action. A completed copy of a declaration stating the movant cannot afford to hire an attorney shall be attached to the motion.

*Id.* at 5.

The Court concludes that this action involves exceptional circumstances warranting the appointment of counsel. Following his successful opposition of summary judgment, Plaintiff's likelihood of success on the merits is high. And, though Plaintiff was able to sufficiently defend his First Amendment retaliation claim at the summary judgment stage, his ability to litigate his claim going forward will heavily rely upon his ability to articulate its factual and legal basis. *C.f. Enriquez v. Dep't of Corr.,* No. 3:21-cv-00085-ART-CSD, 2024 WL 1747340, at *1 (D. Nev. Apr. 22, 2024) (concluding denial of *pro bono* counsel to assist *pro se* prisoner at trial was abuse of discretion); *Ramirez v. Gutierrez*, No. 20-cv-01109-MMA-BLM, 2022 WL 959647, at *3 (S.D. Cal. Mar. 30, 2022) (concluding concerns regarding credibility determinations were premature and did not warrant appointment of counsel before summary judgment).

Plaintiff's filings thus far raise significant doubt that he can effectively do so during live trial proceedings. His legal arguments and discussion of facts, though understandable in writing, lack focus and are frequently presented alongside irrelevant issues and *ad hominem* attacks. Moreover, because Plaintiff has recently been transferred to a new correctional facility, his efforts will be challenged by a diminished ability to identify potential witnesses to lend further proof to his claim occurring at King County Jail. *See* Dkt. 130. In addition, the critical factual disputes in this case involve conflicting testimony between Plaintiff, Defendant Weaver, and another correctional officer. *See* Dkt. 109 at 18; Dkt. 114 at 5–7. As a result, Plaintiff's ability to articulate the factual basis of his claim to a jury will require effective presentation of his own testimony and cross-examination of witnesses.

Alone, these factors would not warrant the appointment of counsel. However, in combination, Plaintiff's likelihood of success on the merits and his questionable ability to effectively articulate his claims to a jury *pro se* are exceptional circumstances warranting the appointment of voluntary *pro bono* counsel ahead of trial.

Having concluded that exceptional circumstances exist, the Court now examines Plaintiff's financial eligibility for court-appointed counsel and his efforts to obtain *pro bono* counsel through other means. *See* General Order 07-23 (effective Jan. 1, 2024). Plaintiff was granted *in forma pauperis* status in this action, and a recent copy of his Prison Trust Account Statement demonstrates his continued indigency. *See* Dkt. 129 at 6 ($12.37 account balance as of Nov. 5, 2024). Next, in sworn Declarations, Plaintiff states that he sought *pro bono* representation in this case (and in other cases filed before this Court) from Columbia Legal Services, Northwest Justice Project, Connelly Law Offices, and the Federal Bar Association for the Western District of Washington. Dkts. 118, 129. None of the organizations Plaintiff

contacted agreed to provide *pro bono* representation. *See* Dkt. 118 at 8–12 (Letters Declining Representation). Finally, Plaintiff states that he has not received *pro bono* representation in a prior legal action. Dkt. 129 at 2.

Based on the above, the Court finds that Plaintiff is unable to afford counsel on his own and his thus financially eligible for *pro bono* representation. The Court further finds that Plaintiff has attempted, without success, to obtain *pro bono* representation through means other than court appointment. Therefore, the Court concludes that Plaintiff has substantially complied with the requirements for obtaining appointment of voluntary counsel set forth in Section 3(b) of General Order 07-23.

## II.     CONCLUSION

Accordingly, Plaintiff's Motion for Appointment of Counsel (Dkt. 107) is **GRANTED** contingent on the Court being able to locate an attorney willing to represent him *pro bono* in this matter. This matter is hereby **REFERRED to the *Pro Bono* Panel** to identify an attorney who is available and willing to accept a voluntary appointment in this action. The Clerk **SHALL** identify an attorney or law firm from the Court's *Pro Bono* Panel to represent Plaintiff in this case. The scope of the engagement will ultimately be between the attorney accepting voluntary appointment and the client (Plaintiff).

Plaintiff is **ADVISED** that the Court cannot force any attorney to accept a *pro bono* appointment in this case. Plaintiff is further **ADVISED** that it is possible that a *pro bono* attorney will not be found and, if so, **he will remain unrepresented**. If the Court cannot locate an attorney who is willing to provide representation within a reasonable time, the parties will be notified by a

//

//

minute entry for the electronic docket, stating that the inquiry was unsuccessful and that Plaintiff will be required to continue in this action *pro se*.

Dated this 7th day of January, 2025.

Grady J. Leupold
United States Magistrate Judge