The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CLARENCE ROGERS,

Plaintiff,

vs.

RANDY WEAVER,

Defendant.

No. 2:23-cv-01160-JCC

STIPULATED MOTION AND [PROPOSED] ORDER DIRECTING DOC TO FACILITATE ZOOM / VIRTUAL DEPOSITION

*Noted for April 16, 2026*

## I.      **STIPULATED MOTION**

Pursuant to Fed. R. Civ. P. 30(a)(2)(B), Defendant Randy Weaver has noted the deposition of Plaintiff Ray Clarence Rogers, who is a prisoner within the custody of the Airway Heights Corrections Center, in Airway Heights, Washington (the "Corrections Center").  The parties have agreed to conduct the deposition remotely via Zoom, but the Corrections Center has informed the parties that, although it is capable of facilitating virtual depositions, it will not do so for civil hearings unless notified by the Washington Attorney General.

STIPULATED MOTION AND [PROPOSED] ORDER
DIRECTING DOC TO FACILITATE ZOOM / VIRTUAL
DEPOSITION - 1
[2:23-cv-01160-JCC]

**Leesa Manion** (she/her),
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

To avoid the burden, expense, and delay that would be caused by conducting Plaintiff's deposition in person, the parties jointly stipulate and respectfully request that this Court enter an order directing the Washington State Department of Corrections ("DOC") to facilitate Plaintiff's deposition to be conducted remotely via Zoom on a day mutually agreeable by the parties and DOC.

Counsel for defendant has noted Plaintiff's deposition for April 22, 2026 to be conducted remotely via Zoom. *See* exhibit 2, Declaration of Santiago Viola Villanueva (hereafter "Viola Villanueva Decl"). The plaintiff Ray Clarence Rogers is presently in the custody of the Corrections Center.

According to Plaintiff's counsel communications with Airway Heights Corrections Center (Department of Corrections), the Correction Center has the technology to facilitate virtual deposition, but they indicate that they do not facilitate virtual depositions for civil hearings unless notified by ATG. Sheri Holloway, Airway Heights Correctional Records Technician, further explained that in civil matters "not regarding the DOC directly, must be facilitated in person during visitation hours". In-person depositions would require that all individuals attending in person have a background screening that "requires time to complete." See Exhibit 1, Viola Villanueva Decl. Airway Heights Correction Center is in the East part of the State, passing Spokane. Its address is 11919 Sprague Ave, Airway Heights, WA 99001. See Viola Villanueva Decl at ¶5.

This Court has inherent authority to issue orders requiring prison officials to facilitate court proceedings and comply with discovery obligations. FRCP 30. Courts possess wide discretion in determining the manner of taking depositions, including whether they should take place by remote means. *Learning Res., Inc. v. Playgo Toys Enters. Ltd.*, 335 F.R.D. 536, 537-38 (N.D. Ill. June 16, 2020); *see also Hyde & Drath v. Baker, 24 F.3d. 1162, 1166* (9th Cir. 1994) (addressing discretion with respect to time and place of depositions). As with the Federal Rules of Civil Procedure more

STIPULATED MOTION AND [~~PROPOSED~~] ORDER
DIRECTING DOC TO FACILITATE ZOOM / VIRTUAL
DEPOSITION - 2
[2:23-cv-01160-JCC]

**Leesa Manion** (she/her),
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

generally, courts are mindful to construe Rule 30(b)(4) in a manner that secures the just, speedy, and inexpensive determination of the case. *See United States v. K.O.O. Constr., Inc.*, 445 F.Supp.3d 1055, 1056-57 (S.D. Cal. May 8, 2020). This includes orders requiring prison officials to produce inmates for legal proceedings, including depositions.

Because the location of Airway Heights Correction Center, the delay that would incur in the background checks for an in-person deposition, the fact that the facility has the technology and procedure to facilitate virtual depositions for the ATG, and the agreement of the parties to proceed with a virtual deposition, there is good cause for the order directing such deposition. The mere fact that DOC is not a party should not prevent the virtual deposition of the Plaintiff.

Finally, an order from this Court directing DOC to facilitate such virtual deposition would not implicate concerns about overreaching by the district court into daily prison administration *See Lewis v. Casey*, 518 U.S. 343, 361–63, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Counsel for the parties have conferred and agreed that good cause exists for this Court to grant the relief requested.

*I hereby certify that this memorandum contains <u>592</u> words, in compliance with Local Civil Rules.*

IT IS SO STIPULATED on April 16, 2026.

LEESA MANION (she/her)
King County Prosecuting Attorney

By: */s/ Santiago Viola Villanueva*
Santiago Viola Villanueva, WSBA #54071
Senior Deputy Prosecuting Attorney
Attorneys for Defendant
701 Fifth Avenue, Suite 600
Seattle, WA 98104
Tel: (206) 477-1120/Fax: (206) 296-0191
Email: sviolavillanueva@kingcounty.gov

Holland & Knight LLP

By: */s/ Austin M. Rainwater*
Austin M. Rainwater, WSBA #41904
Jody Schisel-Meslin, WSBA #61046
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
Tel: (206) 505-4000
Email: austin.rainwater@hklaw.com
Email: Jody.Schisel-Meslin@hklaw.com

STIPULATED MOTION AND [PROPOSED] ORDER
DIRECTING DOC TO FACILITATE ZOOM / VIRTUAL
DEPOSITION - 3
[2:23-cv-01160-JCC]

**Leesa Manion** (she/her),
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

## II. **ORDER**

The Court having considered the foregoing stipulated motion, and finding that good cause has been shown for the requested relief, the Court GRANTS the parties' stipulated motion. The Court further orders that the Washington State Department of Corrections is directed to facilitate the Plaintiff's deposition via Zoom on a date mutually agreeable or convenient to all parties involved.

It is so ordered.

DONE THIS 17th day of April, 2026.

_____

Hon. John C. Coughenour
United States District Court Judge

STIPULATED MOTION AND [PROPOSED] ORDER
DIRECTING DOC TO FACILITATE ZOOM / VIRTUAL
DEPOSITION - 4
[2:23-cv-01160-JCC]

**Leesa Manion** (she/her),
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on April 17, 2026, I electronically filed the foregoing Stipulated Motion Directing DOC to Facilitate Zoom / Virtual Deposition with the Clerk of the Court using the CM/ECF filing system which will a copy of such filing via email to the following CM/ECF participant(s):

**Austin M. Rainwater, WSBA #41904**
**Jody Schisel-Meslin, WSBA #61046**
**Holland & Knight LLP**
**701 Fifth Avenue, Suite 4700**
**Seattle, WA 98104**
**(206) 505-4000**
**Email: austin.rainwater@hklaw.com**
**Email: Jody.Schisel-Meslin@hklaw.com**

I declare under penalty of perjury under the laws of the United States and the state of Washington that the foregoing is true and correct.

SIGNED and DATED this 16th day of April, 2026 at Seattle, Washington.

*/s/ Helen Fung*
HELEN FUNG
Paralegal I, Civil Division
King County Prosecuting Attorney's Office

STIPULATED MOTION AND [PROPOSED] ORDER
DIRECTING DOC TO FACILITATE ZOOM / VIRTUAL
DEPOSITION - 5
[2:23-cv-01160-JCC]

**Leesa Manion** (she/her),
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191